UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMEH HUSSEIN,
    Petitioner,

v.

ROBIN BARRETT, et al.,
    Defendants.

Case No. 11-cv-05317-JST

**FINAL PRETRIAL ORDER**

    A final pretrial conference was held in this matter on November 22, 2013. This Final Pretrial Order, issued pursuant to Federal Rule of Civil Procedure 16(e), encapsulates the Court's rulings and all other matters discussed at the conference and by the parties in their Joint Pretrial Statement.

    A bench trial in this matter will commence on December 2, 2013, at 8:30 a.m., and shall conclude not later than December 3, 2013, at 1:30 p.m., absent further order of the Court. There will be two fifteen minute breaks each day. Each party will have up to four hours for opening statement, witness examination (including direct and cross-examination), and closing argument.

    The issues to be tried shall be those set forth in the parties' Joint Pretrial Statement, ECF No. 43.

    The stipulations of facts set forth in the Joint Pretrial Statement are approved and binding on all parties. Except for good cause, each party is limited to the witnesses and exhibits disclosed in the Joint Pretrial Statement less any excluded or limited by this Order. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence. If impeachment evidence is also admissible for substantive purposes, however, it is

subject to the automatic disclosure provisions of Rule 26(a).[1] See Klonoski v. Mahlab, 156 F.3d 255, 270 (1st Cir.1998) (impeachment evidence which is least in part substantive did not fall within the "solely for impeachment" exceptions of Rule 26(a)); Wilson v. AM General Corp., 167 F.3d 1114, 1122 (7th Cir.1999) (undisclosed witnesses possessing substantive knowledge of the party's defenses could not be limited to a "solely for impeachment" classification and should have been included in party's Rule 26(a) mandatory pretrial disclosures).[2]

Each party has already filed its proposed findings of fact and conclusions of law. Each party may, but is not required to, file a trial brief by November 25, 2013.[3]

By November 25, 2013, the parties shall deliver all trial exhibits to the Court in compliance with the Court's Standing Order for Civil Bench Trials, available at cand.uscourts.gov/jstorders.

The Court provided tentative rulings regarding the admissibility of certain contested exhibits at today's pre-trial conference, but will withhold providing final rulings until trial.

Finally, an issue arose at today's hearing regarding the Petitioner's burden of proof. Ninth Circuit authority is clear that the Petitioner bears the burden of demonstrating good moral

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Federal Rule of Civil Procedure 26(a)(3) states, in relevant part, that "a party shall provide to other parties the following information regarding the evidence that it may present at trial *other than solely for impeachment purposes:* (A) the name and, if not previously provided, the telephone number of each witness, separately identifying those who the party expects to present and those whom the party will call if the need arises . . . ." (emphasis added).

[2] This Court is not aware of any Ninth Circuit authority addressing the question, although another district court within this Circuit has rejected the rule in Klonoski. Halbasch v. Med-Data, Inc., 192 F.R.D. 641, 649 (D. Or. 2000). This Court finds the reasoning of Klonoski and Wilson persuasive.

[3] The United States filed a trial brief on November 21, 2013.

2

1  character by a preponderance of the evidence, not by clear and convincing evidence as the

2  Defendants assert. United States v. Hovsepian, 359 F.3d 1144, 1168 (9th Cir. 2004).[4]

3  **IT IS SO ORDERED.**

4  Dated: November 22, 2013



_____
JON S. TIGAR
United States District Judge

---

[4] Defendants rest their argument on Berenyi v. District Director, INS, 385 U.S. 630 (1967). As the Ninth Circuit has already told the United States in Taylor v. U.S. Atty. Gen., 504 F. App'x 655, 658 (9th Cir. 2013), however, its reliance on Berenyi is misplaced.

> Berenyi addressed the burden of proof applicable to the government when it seeks to divest citizenship from an individual. Id. at 636. The Berenyi Court acknowledged that an alien must demonstrate eligibility for citizenship but did not impose upon aliens a clear and convincing evidence standard in order to meet their burden. See id. at 636-37."

Taylor, 504 F. App'x 655 at 658 n.4.

3