UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMEH HUSSEIN,<br><br>            Plaintiff,<br><br>       v.<br><br>ROBIN BARRETT, et al.,<br><br>            Defendants. | Case No.  11-cv-05317-JST<br><br>**ORDER SUSTAINING OBJECTION TO DEFENDANTS' EXHIBIT C** |

At the trial in this matter held December 2, 2013, Plaintiff Sameh Hussein objected to the admission of Defendants' Exhibit C on the grounds of lack of authentication, lack of foundation, violation of the best evidence rule, and hearsay.  The Court took the matter under submission and permitted the parties to file supplemental briefs concerning the issue.  The Court now sustains the objection.

Defendants' Exhibit C purports to be a "Certificate of Islamic Marriage" issued by a mosque in Sacramento, California.  It states that Plaintiff and Stacey Anne Mabrey entered into an Islamic marriage on "the 12 day of 13 2002."  According to the certificate, a dowry of $100 was provided.  It appears to be signed by three witnesses and Imam Mahmoud Abdel Hafez.  It does not appear to have been signed by either Plaintiff or Ms. Mabrey.

Defendants first argue the certificate is admissible pursuant to Federal Rule of Evidence 902(11). Federal Rule of Evidence 902(11) provides that the following type of document is self-authenticating and therefore does not require extrinsic evidence of authenticity in order to be admitted:

> **(11) Certified Domestic Records of a Regularly Conducted Activity.**  The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of

>the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them.

Defendants argue that the marriage seek to admit the marriage certificate on the basis of a "Certification of Domestic Record of a Regularly Conducted Activity and/or Record of Religious Organization Concerning Personal or Family History" signed by Mahmoud Abdel Hafez on November 29, 2013. That document was produced by the Government for the first time at trial after the Court ruled that Mr. Abdel Hafez could not testify due to the Government's failure to disclose the witness pursuant to Federal Rule of Civil Procedure 26(a)(3).

Plaintiff argues the certification document does not qualify for Rule 902(11) treatment because: the document was not signed and sworn under penalty of perjury; the document "is not certified"; there is no evidence the author of the document, Mr. Abdel Hafez, is the custodian of records or "another qualified person"; the document was not produced to Plaintiff until trial, nor did Plaintiff have an opportunity to inspect the document before trial; and, finally, the document fails to satisfy the requirements of FRE 803(6)(A)–(C).

The Court finds that Defendants' Exhibit C is not admissible pursuant to Rule 902(11). The rule requires the offering party to "give an adverse party reasonable written notice of the intent to offer the record — and must make the record *and certification* available for inspection — so that the party has a fair opportunity to challenge them." Fed. R. Evid. 902(11) (emphasis added). Here, though Defendants gave Plaintiff advance notice of their intent to offer the marriage certificate, they failed to make Mr. Abdel Hafez' certification for inspection available to Plaintiff "[b]efore the trial." Plaintiff did not have a fair opportunity to challenge the certification. Consequently, the certification must be excluded. Without the certification, Defendants' Exhibit C is not admissible pursuant to Rule 902(11).

Defendants' remaining arguments mistakenly presume Exhibit C has been authenticated pursuant to FRE 901, as the document is not self-authenticating pursuant to FRE 902.[1] Rule 901

---

[1] For example, without addressing Rule 901, Defendants argue Exhibit C is admissible pursuant to

1  requires the authentication of a written document through "evidence sufficient to support a finding
2  that the item is what the proponent claims it is." Fed. R. Evid. 901(a).  Defendants have offered
3  no evidence authenticating Exhibit C.  Instead, Defendants apparently seek to authenticate Exhibit
4  C with Mr. Abdel Hafez' certification, which was not admitted into evidence at trial.  Defendants
5  have not authenticated the certification itself through other, already admitted evidence.
6  Consequently, it is not in evidence and cannot serve to authenticate Exhibit C.  Exhibit C remains,
7  therefore, unauthenticated, and it cannot be admitted as evidence.

8  For the foregoing reasons, Plaintiff's objection to Defendants' Exhibit C is hereby
9  SUSTAINED.

10  **IT IS SO ORDERED.**

11  Dated:  December 19, 2013

_____
JON S. TIGAR
United States District Judge

---

the hearsay exception for records of religious organizations concerning personal or family history. See Fed. R. Evid. 803(11) (excluding from hearsay rule "[a] statement of birth, legitimacy, ancestry, marriage, divorce, death, relationship by blood or marriage, or similar facts of personal or family history, contained in a regularly kept record of a religious organization.").

3